1   AMY L. O'NEILL (SBN 294458)
    **KING & SPALDING LLP**
2   621 Capitol Mall, Suite 1500
    Sacramento, CA 95814
3   Telephone:  (916) 321-4800
    Facsimile:  (916) 321-4900
4   Email:      *aoneill@kslaw.com*

5

6   Attorney for Plaintiff
    *Riverside Healthcare System, L.P.*
7

8

9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

12

13

14   RIVERSIDE HEALTHCARE SYSTEM,        Case No. 5:24-CV-00273-MRA-DTB
     L.P., dba RIVERSIDE COMMUNITY
15   HOSPITAL,

16                                       **[~~PROPOSED~~] STIPULATED**
                                         **PROTECTIVE ORDER**
17              Plaintiff,
           vs.
18

19   APEX MANAGEMENT GROUP I,
     INC. dba APEX MANAGEMENT
20   GROUP, an Illinois corporation;
     ANALYTIC ALTERNATIVE, LLC dba     District Judge Monica Ramirez Almadani
21   APEX MANAGEMENT GROUP, an
     Illinois corporation; MULTIPLAN INC.,   First Amended Complaint Filed:  March
22   a Delaware corporation; REGIONAL        20, 2024
     CARE, INC., a Nebraska corporation;
23   and DOES 1 through 10, inclusive,

24

25              Defendants.

26

27

28

Disclosure and discovery activity in this action are likely to involve production of confidential or private information, including patient health information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Accordingly, during the course of the above-captioned action (the "Proceeding") this Order and its terms shall govern the handling of Confidential Information received through discovery in the Proceeding.

## 1.    Good Cause Statement.

This action is likely to involve protected health information and medical documentation as well as proprietary financial and business information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial

information, information regarding confidential business practices, medical records, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Proceeding, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     Scope of Protection.**

This Order shall govern any record of information produced in this case and designated pursuant to this Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, documents and other discovery materials, whether produced informally or in response to requests for production of documents or other formal methods of discovery. This Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Order.

The Parties may produce certain Confidential Information, as defined below, for use in the Proceeding subject to the terms of this Order. This Order, or any agreement thereto, shall not be deemed a waiver of any Party's right to object to any discovery requests on any grounds or to dispose of any objections.

Pursuant to 45 C.F.R. § 164.512 and this Order, the Parties are authorized to receive, subpoena, transmit, or disclose Protected Health Information ("PHI"), as defined below, concerning the medical claims, including underlying services, at issue in this Proceeding, subject to the terms of this Order.

**3.    Definitions.**

The term **Confidential Information** shall mean confidential and/or proprietary financial, business, health, or medical information, including commercially sensitive or proprietary information and protected health information and/or medical record information deemed private under state and federal laws, as applicable, including but not limited to the Health Insurance Portability and Accountability Act of 1996 and regulations promulgated thereunder ("HIPAA"). The term Confidential Information shall not apply to any material or document which has been made public, or which is accessible by the public.

The term **Confidential Health Information** shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any

portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to HIPAA (see 45 C.F.R. §§ 164.501 & 160.103), and includes but is not limited to the following subscriber, patient, or member identifiers:

    a.   names;

    b.   all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    c.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    d.   telephone numbers;

    e.   fax numbers;

    f.   electronic mail addresses;

    g.   social security numbers;

    h.   medical record numbers;

    i.   health plan beneficiary numbers;

    j.   account numbers;

k.   certificate/license numbers;

l.   vehicle identifiers and serial numbers, including license plate numbers;

m.  device identifiers and serial numbers;

n.   web universal resource locators ("URLs");

o.   internet protocol ("IP") address numbers;

p.   biometric identifiers, including finger and voice prints;

q.   full face photographic images and any comparable images; and/or

r.   any other unique identifying number, characteristic, or code.

The term **Technical Advisor** shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's Confidential Information, including Confidential Health Information. Each party's Technical Advisors shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

The term **PHI** shall constitute a subset of Confidential Information, and is defined by HIPAA and the regulations promulgated thereunder. See 45 C.F.R. parts 160 and 164. All PHI disclosed under this Order must be designated as Confidential Information under paragraph 4 below. This Order does not authorize the disclosure of PHI under any other circumstances.

1

2

3     **4.     Designation of Information.**

4     Any document or electronically stored information produced in discovery may

5     be designated as Confidential Information by marking it as "CONFIDENTIAL" or

6     otherwise identifying the information as Confidential Information at the time of

7     production. The Parties may also designate certain Confidential Information as

8     "ATTORNEYS' EYES ONLY," subject to paragraph 5. Such designation shall be

9     made at the time that copies are furnished to a party conducting discovery, or when such

10    documents are otherwise disclosed.

11

12    The Parties may designate information disclosed at a deposition as

13    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by indicating on the record at

14    the deposition that a specific portion of testimony is so designated and subject to the

15    terms of this Order or, alternatively, by any Party within 30 days of receipt of the

16    deposition transcript. No person shall attend a portion of a deposition that has been

17    designated on the record as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or

18    that discusses or utilizes documents or information previously designated as

19    "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" unless such person is qualified

20    by this Order to have access to such information. The court reporter shall stamp the

21    portions of deposition testimony designated as containing Confidential Information as

22    "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "ATTORNEYS'

23    EYES ONLY – SUBJECT TO PROTECTIVE ORDER," and access thereto shall be

24    limited as provided herein. Furthermore, Confidential or Attorneys' Eyes Only

Information shall not lose its character because it is designated as an exhibit to a deposition (if any), regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." To allow for possible designations of testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the Parties shall treat all testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for 30 days from the date of transmission of the deposition transcript.

**5. Limitations on Designation of Confidential Information as Attorneys' Eyes Only.**

**I.** Nothing shall be designated as Attorneys' Eyes Only information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party or of a non-party, and, which includes as a major portion, subject matter that is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.

**6. Specific Provisions Concerning Disclosure of PHI.**

Upon receipt of any PHI disclosed between the Parties during the course of this Proceeding, the receiving Party shall take all measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, 45 C.F.R. § 164.500, *et seq.*, and any other relevant state or federal law. Notwithstanding any other provisions of this Order, neither party shall be entitled to

receive the following information below:

    a.    Non-party individual information relating in any way to the human immunodeficiency virus (HIV) or acquired immunodeficiency syndrome (AIDS), including but not limited to evidence that an HIV test was performed, test results, and any diagnoses.

    b.    Non-party individual information relating to diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism or drug addiction.

    c.    Non-party individual information relating to genetic testing, defined as a presymptomatic laboratory test that analyzes the individual's DNA, RNA, proteins, or chromosomes and is performed to identify any genetic variation, composition, or alteration that is associated with the individual's having a predisposition for developing or being a carrier of a clinically recognized disease, disorder, or syndrome.

    d.    Non-party individual information to the extent that the disclosure of such information would be inconsistent with any relevant state laws or regulations protecting the privacy or confidentiality of such information; provided, however, that nothing herein shall prevent either party from seeking further orders from the Court in order to comply with individual state requirements, as may be necessary and appropriate as the case progresses.

**7.    The Parties' Right to Use Confidential Information.**

Nothing in this Order shall be construed to limit in any way the right of a Party or its affiliates to use any Confidential Information that it produced (to the other Party) for any purpose that state and federal law would otherwise permit. The Parties must comply with Local Rule 79-5 for purposes of submitting any proposed Confidential Information to the Court.

In the event that any receiving Party's briefs, memoranda, discovery requests, or other papers of any kind which are served or filed include another Party's Confidential or Attorneys' Eyes Only Information, the papers shall be appropriately designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be treated accordingly.

Nothing in this Order prevents a Party from de-identifying PHI to prevent unnecessary disclosure where appropriate in the Party's discretion.

**8.      Restrictions on Disclosure.**

All Confidential Information, including but not limited to PHI, *other than* Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by the Parties in this Proceeding shall be subject to the following restrictions:

a.   such documents, information, and things shall be used only for the purpose of this specific Proceeding and in any subsequent judicial proceedings directly arising out of this Proceeding (i.e., appeals), to the extent the parties take all steps to protect the confidentiality of Confidential Information, including but not limited to filing under seal, consistent with applicable court rules, and not for any other purpose whatsoever;

b.   such documents, information, and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and

c.   no one except Qualified Persons identified in paragraph 10 shall be provided copies of any Confidential Information, and such Qualified Persons shall hold such information received from the disclosing Party in confidence, shall use the information only for purposes of this Proceeding, and in any judicial proceedings

directly arising out of this Proceeding, to the extent the parties take all steps to protect the confidentiality of Confidential Information, including but not limited to filing under seal, consistent with applicable court rules, and for no other action, and shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided.

**9.    Additional Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only.**

**II.**    Notwithstanding the provisions of paragraph 8, all Confidential Information designated as Attorneys' Eyes Only produced or disclosed by the Parties shall be subject to the following restrictions:

a.    such documents, information and things shall be used only for the purpose of this Proceeding and in any judicial proceedings directly arising out of this Proceeding (i.e., appeals), to the extent the parties take all steps to protect the confidentiality of Confidential Information, including but not limited to filing under seal, consistent with any applicable court rules, and not for any other purpose whatsoever, including, but not limited to, for any business purposes or for competitive advantage;

b.    such documents, information and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than Qualified Persons identified in paragraphs 9(a), 9(b), 9(c), 9(d), 9(g) and 9(h) below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order;

c.    such documents, information and things shall be maintained only at the offices of such Qualified Persons identified in paragraphs 9(a), 9(b), 9(c), and 9(d) and only working copies shall be made of such documents; and

d.    no one except Qualified Persons identified in paragraphs 9(a), 9(b), 9(c), 9(d), 9(g) and 9(h) shall be provided copies of any Attorneys' Eyes Only Confidential Information, except that persons in paragraphs 9(g) and 9(h) shall not maintain copies of such Attorneys' Eyes Only Confidential Information in their

possession.

**10.   Qualified Persons.**

"Qualified Persons" means:

a.   the judge assigned to this Proceeding, any other judge with jurisdiction over this Proceeding or any appeal hereof, including any authorized personnel of such persons, and any mediator selected or agreed-upon by the Parties or assigned in connection with this Proceeding;

b.   all Court personnel;

c.   counsel for the Parties, employees of such counsel (including individuals employed at the law firms of the Parties' respective counsel), and in-house counsel and legal staff (e.g., paralegals);

d.   independent third parties retained by counsel or the Parties to provide support services in connection with this Proceeding, whose access to Confidential Information counsel or the Party employing them deems necessary for the purposes of preparation, pre-hearing discovery and proceedings, final hearing, appeal, settlement, or administration of this Proceeding;

e.   Technical Advisors, third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses, if any, whose access to Confidential Information counsel or the Party employing them deems necessary for the purposes of preparation, pre-hearing discovery, and proceedings, final hearing, appeal, settlement, or administration of this Proceeding;

f.   any present employee of a named Party, or its affiliate(s), to this Proceeding whose access to Confidential Information counsel or the Party employing them deems is necessary for purposes of preparation, discovery, mediation, hearing, appeal, settlement, or administration of this Proceeding;

g.   any past employee of a named Party, or its affiliate(s), to this Proceeding whose access to Confidential Information counsel or the Party employing deems necessary for purposes of preparation, pretrial discovery, and proceedings, trial, appeal, settlement, or

administration of this Proceeding;

h.   court reporters, video equipment operators at depositions, including any authorized personnel of such persons;

i.   witnesses who are appearing for deposition or other testimony in this Proceeding, voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for further investigation and/or final hearing;

j.   clerical or ministerial service providers, including outside copying services or litigation support personnel, retained by a Party's counsel to assist such counsel in connection with this Proceeding; or

k.   any other person by Order of the Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Order or further Order of the Court.

**11.   Acknowledgment.**

Before receiving any Confidential Information designated by the opposing party, any Qualified Person, except the judge and Court personnel, identified in paragraph 10 to whom the opposing Party's Confidential Information is shown or to whom information contained in such materials is to be revealed (other than the individuals identified in sub-paragraphs 9(a), (b), and (e)) shall first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit A to this Order. Counsel employing such persons or making such disclosure to such persons shall retain a copy of that signed, written agreement for each person. As to each person to whom any Confidential Information, or information contained in Confidential Information, is

revealed or shown pursuant to this Order, such information may be used only for purposes of this Proceeding and in any judicial proceedings directly arising out of this Proceeding, to the extent the parties take all steps to protect the confidentiality of Confidential Information, including but not limited to filing under seal, consistent with applicable court rules, and may not be used for any other purpose.

**12. Inadvertent Production or Failure to Designate Confidential or Attorneys' Eyes Only Information.**

In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production without a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter.

Upon receipt of such notice, the receiving Party shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only Information under this Order, subject to the provisions regarding any challenges, if any, to its confidential nature under paragraph 14. Following such notice of an inadvertent production, the producing Party may also substitute any documents that were inadvertently or unintentionally

produced without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation for documents containing such designation. Upon such a request for substitution, the receiving Party must return the undesignated Confidential or "Attorneys' Eyes Only" Information to the producing Party within fourteen (14) days.

**13.  Inadvertent Disclosure.**

In the event of an inadvertent disclosure of another Party's Confidential or Attorneys' Eyes Only Information to a non-Qualified Person, the Party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential or Attorneys' Eyes Only Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential or Attorneys' Eyes Only Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Person; and (iii) notify the producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

If a Party or Non-Party inadvertently discloses information, including but not limited to attorney-client communications, protected work product or other privileged information, such inadvertent disclosure shall in no way prejudice or otherwise constitute a waiver of any such protection, privilege or immunity. The Party or Non-Party that made the inadvertent disclosure shall promptly notify each receiving Party of

the inadvertent disclosure in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure (a "Clawback Request"). Upon receiving a Clawback Request, each receiving Party shall promptly return the inadvertently disclosed information and make no further use of it or any copies of or summaries created from the inadvertently disclosed information, even if the receiving Party disputes the claim of privilege or immunity. The receiving Party shall return any storage media containing electronic copies of the allegedly protected, privileged or immune information upon receipt of a replacement storage medium from the Party or Non-Party asserting the protection, privilege or immunity. If the receiving Party asserts, in good faith, that the inadvertently disclosed information is not protected by any protection, privilege or immunity, then the Parties and/or non-Parties shall make reasonable attempts to confer and to resolve their dispute in good faith. If, despite such efforts, the Parties and/or Non-Parties are unable to reach agreement within seven calendar days of the Clawback Request, then any Party or Non-Party may petition the court for appropriate relief.

**14.     Burden of Proof and Challenges to Confidential Information.**

The Party designating information, documents, materials or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of establishing confidentiality. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If a Party contends that any document has been erroneously or improperly designated "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY," the document at issue shall be treated as Confidential or Attorneys' Eyes Only Information under this Order until (a) the Parties reach a written agreement on the designation or (b) the Court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of any document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or disagrees with a Party's failure to designate a document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the objecting Party shall comply with Local Rules 37-1 and 37-2. In accordance with Local Rules 37-1 and 37-2, the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within ten (10) days of receiving the objection, the designating Party shall confer with counsel for the objecting party and advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, then the dispute may be presented to the Court by motion in strict accordance with Local Rules 37-1 and 37-2. The Parties must present the dispute to the Court through a joint stipulation in accordance with Local Rule 37-2.

### 15.   Confidentiality of Party's Own Documents.

Nothing herein shall affect the right of the designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or their attorneys to disclose such information in violation

of it, unless by such disclosure of the designating Party the information becomes public knowledge.

**16.     Compulsory Disclosure to Third Parties.**

If a Party is subpoenaed in another action or proceeding or served with a court order or other valid order seeking the Confidential or Attorneys' Eyes Only Information, including but not limited to PHI, of a producing Party in this case, this section applies. Unless prohibited by law or court proceedings from doing so, the receiving Party shall give prompt written notice to counsel for the producing Party and allow the producing Party an opportunity to oppose such subpoena or order, prior to the deadline for complying with the subpoena or order. Further, nothing in this section authorizes the production of PHI of the producing Party unless the subpoena or order received otherwise complies with HIPAA and applicable state laws and regulations regarding the production of Confidential Health Information. Notwithstanding the above, nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**17.     Conclusion of the Proceeding.**

Within 60 (sixty) days of the conclusion of this Proceeding, whether by judgment, award, settlement, or otherwise, counsel of record and each Party, person, and entity

who obtained Confidential, Attorneys' Eyes Only, or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," shall assemble and return to the producing Party all materials that reveal or tend to reveal information designated as Confidential or Attorneys' Eyes Only Information, except all such materials constituting work product of counsel. In the alternative, all such materials may be destroyed or permanently deleted, with written certification of destruction or deletion provided to the producing Party, except that a Party may retain Confidential or Attorneys' Eyes Only Information generated by it. No originals or copies of any Confidential or Attorneys' Eyes Only Information will be retained by any person or entity to whom disclosure was made. However, subject to continuing restrictions on the use of Confidential or Attorneys' Eyes Only Information set forth herein, counsel of record and in-house counsel for the Parties are permitted to retain copies of all documents filed in this Proceeding, all pleadings, all motions, all depositions and hearing transcripts (and exhibits thereto), all exhibits admitted into evidence, and all documents, things, copies and samples to the extent they include or reflect attorney work product and are maintained consistently with counsel's ordinary file management and/or document retention policies and/or those of counsel's firm. The provisions of this paragraph shall not be binding to the extent that such provisions conflict with applicable federal or state law.

**18.     No Waiver or Modification.**

Nothing in this Order shall waive or modify any past, present, or future duty as

to confidentiality, if any, which may arise independently whether by contract or otherwise.

**19.    Non-Waiver of Privilege.**

The production of documents and information shall not constitute a waiver in this Proceeding, or any other litigation, arbitration, proceeding, or matter, of any privilege (including, without limitation, the attorney-client privilege or the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. This Order incorporates the requirements of Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in this Proceeding is not waived as a result of disclosure of those documents in connection with this Proceeding. The fact of production of privileged information or documents by any producing Party in this Proceeding shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

**20.    Non-Parties.**

Any non-party who produces documents or other information in response to discovery requests or subpoenas in this Proceeding shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections.

The Parties agree that they will treat Confidential and Attorneys' Eyes Only

Information produced by non-parties according to the terms of this Order.

**21.    Jurisdiction to Enforce Protective Order.**

Following the conclusion of this Proceeding, the Court will continue to have jurisdiction to: (1) enforce this Order (including by sanctions as authorized by statute or rule); (2) modify this Order; or (3) provide additional protection against discovery or use of Confidential or "Attorneys' Eyes Only" Information. This provision does not limit any other remedies that may be available at law or in equity to protect against the improper disclosure of Confidential or "Attorneys' Eyes Only" Information.

**22.    Future Orders.**

Nothing in this Order shall prohibit the Parties from seeking future orders of the Court regarding the production or protection of these or other materials in the future.

**23.    Binding Effect.**

This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**24.    Ongoing Obligations.**

Insofar as the provisions of this Order restrict the disclosure and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this Proceeding.

**IT IS SO ORDERED.**

DATED: ___May 1, 2024___

_____
Honorable David T. Bristow
United States Magistrate Judge

# EXHIBIT A – AGREEMENT

I,_____, declare that:

1.     My address is _____.

2.     My current employer is _____ and the address of my present employment is _____.

3.     My current occupation is _____.

4.     I have received a copy of the Agreed Protective Order in this action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order and agree to be bound by the Protective Order.

5.     I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Confidential Information or information designated as "CONFIDENTIAL" that is disclosed to me.

6.     Promptly upon termination of this action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all documents and things designated as "CONFIDENTIAL" that came into my possession and all documents and things that I have prepared relating thereto.

7.     I understand that the obligations of this undertaking and the provisions of the Protective Order continue past the termination of this action.

8.     I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order in this action.


_____
Signature